52

**From: The District Court of the 1st Judicial District. County of Lewis and Clark.**

STATE OF MONTANA,
Plaintiff,                                    No. ADC-98-84
vs.                                           Decision
DAVID R. ALIFF,
Defendant.

On March 1, 1999, the defendant was sentenced to the following: Count I: Life in the Montana State Prison for the offense of Attempted Homicide, a felony, plus an additional ten (10) years for the use of a weapon during the commission of the offense; and Count II: Life in the Montana State Prison for the offense of Sexual Intercourse Without Consent, a felony, to run consecutively to the sentence imposed in Count I. The defendant is ineligible for parole and participation in a supervised release program.

On November 14, 2002, the defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The defendant was present and was represented by Randi Hood. The state was represented by Leo Gallagher.

Before hearing the application, the defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

Rule 17 of the Rules of the Sentence Review Division of the Supreme Court of Montana provides that "the sentence imposed by the District Court is presumed correct, and the sentence will not be reduced or increased unless it is deemed clearly inadequate or excessive." (§46-18-904(3), MCA).

The Division finds that the reasons advanced for modification are insufficient to hold that the sentence imposed by the District Court is inadequate or excessive.

Therefore, it is the unanimous decision of the Sentence Review Division that the sentence shall be affirmed.

The Sentence Review Division did not consider the county attorney's comments about the defendant making the victim go through trial in

making its decision. The sentence as imposed is not excessive and the facts of the crime clearly warrant the sentence as imposed by Judge McCarter.

Done in open Court this 14th day of November, 2002.

DATED this 11th day of December, 2002.

Chairman, Hon. David Cybulski; Member, Hon. Katherine R. Curtis and Member, Hon. Marc Buyske.